UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TODD M. OLIVER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:07CV1264 JCH |
| ) | |
| PAT SMITH, ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Missouri State prisoner Todd M. Oliver's pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter is fully briefed and ready for disposition.

On October 23, 2003, Petitioner entered a plea of guilty in the Circuit Court of Scott County, Missouri, to one count of attempted forcible sodomy (Count II).[1] Petitioner was sentenced to twenty-eight years imprisonment. Petitioner did not appeal his conviction or sentence. Petitioner thereafter filed a motion for post-conviction relief pursuant to Missouri Supreme Court Rule 24.035, which was denied after an evidentiary hearing. (Resp. Exhs. 3, 4, 5). The Missouri Court of Appeals affirmed the denial of Petitioner's post-conviction motion. Oliver v. State, 196 S.W.3d 643 (Mo. App. 2006).

Petitioner is currently incarcerated at the Eastern Reception Diagnostic and Correctional Center in Bonne Terre, Missouri. In the instant petition for writ of habeas corpus, Petitioner raises the following nine claims for relief:

---

[1] Count I, charging Petitioner with attempted forcible rape, was dismissed by the State.

(1) That Petitioner's guilty plea was not knowingly and intelligently made because there was no factual basis for the plea in that:
(a) the facts as alleged by the prosecutor did not amount to a crime under Section 566.060 RSMo (2000) in that:
(1) the elements of "for the purpose of arousing or gratifying the sexual desires of any person" and "penetration" were never read, discussed nor admitted to; and
(2) the meaning of the term "fingering" herself was never discussed or described so as to show facts establishing the crime;
(b) Petitioner was never told about the nature and element of the crimes charged; and
(c) After the prosecutor stated the alleged facts, Petitioner simply answered "yes" when the trial court asked if the facts were "basically true";

(2) That Petitioner received ineffective assistance of counsel, in that trial counsel had alcohol on his breath at the sentencing hearing;

(3) That Petitioner received ineffective assistance of counsel, in that trial counsel lead Petitioner to believe he would receive a shorter sentence if he plead guilty to attempted forcible sodomy;

(4) That Petitioner received ineffective assistance of counsel, in that during Petitioner's sentencing trial counsel failed to put forth Petitioner's mental and drug history and blackouts as mitigating circumstances warranting a more lenient sentence;

(5) That Petitioner received ineffective assistance of counsel, in that trial counsel failed properly to advise Petitioner that he could only be charged or convicted of Count I or Count II of the Information, as they were charged in the alternative;

(6) That Petitioner received ineffective assistance of counsel, in that trial counsel failed to challenge the sufficiency of the information or to file a motion for particulars;

(7) That Petitioner received ineffective assistance of counsel, in that trial counsel failed to advise Petitioner he would be required to serve 85% of his sentence before becoming eligible for parole;

(8) That Petitioner was deprived due process of law, because the Information was insufficient and thus the trial court lacked jurisdiction to accept Petitioner's guilty plea and impose sentence; and

(9) That Petitioner was deprived due process of law, as the factual basis as set forth in the guilty plea transcript was insufficient.

(§ 2254 Petition, Doc. No. 1, PP. 7-10).[2]

## DISCUSSION

**A.** **Procedural Bar**

As stated above, in Ground 3 of his petition, Petitioner alleges he received ineffective assistance of counsel, in that trial counsel lead Petitioner to believe he would receive a shorter sentence if he plead guilty to attempted forcible sodomy. (§ 2254 Petition, P. 8). In Ground 4 of his petition, Petitioner alleges he received ineffective assistance of counsel, in that during Petitioner's sentencing trial counsel failed to put forth Petitioner's mental and drug history and blackouts as mitigating circumstances warranting a more lenient sentence. (Id.). In Ground 5 of his petition, Petitioner alleges he received ineffective assistance of counsel, in that trial counsel failed properly to advise Petitioner that he could only be charged or convicted of Count I or Count II of the Information, as they were charged in the alternative. (Id., PP. 8-9). In Ground 9 of his petition, Petitioner alleges he was deprived due process of law, as the factual basis as set forth in the guilty plea transcript was insufficient. (Id., P. 10).

A review of the record reveals that while Petitioner raised Grounds 3, 4, 5, and 9 in his amended post-conviction motion, he failed to pursue the claims on appeal of the denial of that motion. (See Respondent's Exh. 5, PP. 4-8; Respondent's Exh. 6). A claim must be presented at each step of the judicial process in state court to avoid procedural default. Jolly v. Gammon, 28 F.3d 51, 53 (8th Cir.), citing Benson v. State, 611 S.W.2d 538, 541 (Mo. App. 1980), cert. denied, 513 U.S. 983 (1994). Because Petitioner has failed properly to raise the claims in state court proceedings, the claims are defaulted and he is procedurally barred from pursuing them here. Coleman v.

---

[2] In his Traverse, filed November 5, 2007, Petitioner withdrew Grounds 2, 6, 7, and 8 of his petition. (Doc. No. 8, PP. 4, 8). The Court thus will not discuss those grounds in this Order.

Thompson, 501 U.S. 722, 731-32, 111 S.Ct. 2546, 2555, 115 L.Ed.2d 640 (1991); Forest v. Delo, 52 F.3d 716, 719 (8th Cir. 1995); Keithley v. Hopkins, 43 F.3d 1216, 1217 (8th Cir.), cert. denied, 515 U.S. 1163 (1995). This Court therefore cannot reach the merits of the claims absent a showing of cause and prejudice, or a demonstration, "that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750. Petitioner has not shown cause for his failure to raise the claims in state court.[3] In addition, because Petitioner makes no claim of actual innocence, he cannot satisfy the "fundamental miscarriage of justice" exception to the required showing of cause and prejudice. Schlup v. Delo, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995); Washington v. Delo, 51 F.3d 756, 761 (8th Cir.), cert. denied, 516 U.S. 876 (1995). The claims raised in Grounds 3, 4, 5 and 9 of the instant petition are therefore procedurally defaulted and will be denied.

**B.     Merits**

As stated above, in Ground 1 of his petition, Petitioner alleges as follows:

> That Petitioner's guilty plea was not knowingly and intelligently made because there was no factual basis for the plea in that:
> (a)     the facts as alleged by the prosecutor did not amount to a crime under Section 566.060 RSMo (2000) in that:
> > (1)     the elements of "for the purpose of arousing or gratifying the sexual desires of any person" and "penetration" were never read, discussed nor admitted to; and
> > (2)     the meaning of the term "fingering" herself was never discussed or described so as to show facts establishing the crime;
> (b)     Petitioner was never told about the nature and element of the crimes charged; and

---

[3] To the extent Petitioner attempts to assert ineffective assistance of post-conviction counsel as cause (see Traverse, PP. 2-3), the Court notes there is no constitutional right to effective assistance of post-conviction counsel. Jolly, 28 F.3d at 54 (citing Nolan v. Armontrout, 973 F.2d 615, 617 (8th Cir. 1992)). Thus, because ineffective assistance of post-conviction counsel does not raise an issue of constitutional magnitude, any potential ineffective assistance of post-conviction counsel claims raised in Grounds 3, 4, 5 and 9 of the instant petition are not cognizable in this proceeding and must be denied.

(c) After the prosecutor stated the alleged facts, Petitioner simply answered "yes" when the trial court asked if the facts were "basically true."

(§ 2254 Petition, P. 7). Petitioner raised this identical claim on appeal from the denial of his Rule 24.035 motion for post-conviction relief, and the Missouri Court of Appeals denied the claim as follows:

> Movant[4], Todd M. Oliver, was charged with the felony of attempted forcible rape and attempted forcible sodomy. On October 23, 2003, Movant submitted a guilty plea to the attempted forcible sodomy and the charge of attempted forcible rape was dismissed by the State. Movant timely filed his *pro se* Rule 24.035 motion on July 14, 2004. A first amended motion was filed on September 17, 2004, claiming (1) ineffective assistance of counsel on five separate bases, (2) the information was insufficient and the trial court was without jurisdiction to accept Movant's guilty plea and subsequently sentence him, and (3) that the factual basis as set forth in the guilty plea transcript was insufficient for eight separate reasons. A second amended motion was filed on November 16, 2004, which claimed for the first time that "[t]he facts as stated do not constitute the crime of attempted forcible sodomy."
>
> On March 9, 2005, the court held a hearing on Appellant's second amended motion. Movant brings one point in this appeal, that the guilty plea was not knowingly and intelligently made because there was not a factual basis for the plea in that (1) the facts as alleged by the prosecutor did not amount to a crime under section 566.060 in that (a) the elements of "for the purpose of arousing or gratifying the sexual desires of any person" and "penetration" were never read, discussed nor admitted to; and (b) the meaning of the term "fingering" herself was never discussed or described so as to show facts establishing the crime; (2) Movant alleges he was never told about the nature and element of the crimes charged; and (3) after the prosecutor stated the alleged facts, Movant simply answered "yes" when the trial court asked if the facts were "basically true."
>
> Initially, we address the issue raised by the State that the second amended motion was not timely and, therefore, any issue raised in that motion was not properly before the trial court. The time limits for filing an amended motion are found in Rule 24.035(g), which states in pertinent part:
>
>> Any amended motion shall be signed by movant or counsel. The amended motion shall not incorporate by reference material contained in any previously filed motion. If no appeal of the judgment sought to be vacated, set aside, or corrected is taken, the amended motion shall be filed within sixty days of the earlier of: (1) the date both a complete transcript consisting of the guilty plea

---

[4] Petitioner is referred to as "Movant" by the Missouri Court of Appeals.

and sentencing hearing has been filed in the trial court and counsel is appointed or (2) the date both a complete transcript has been filed in the trial court and an entry of appearance is filed by any counsel that is not appointed but enters an appearance on behalf of movant.

The time limits contained in Rule 24.035 for filing an amended motion are valid and mandatory. *Wilkins v. State*, 802 S.W.2d 491 (Mo. banc 1991); *Bollinger v. State*, 144 S.W.3d 335, 337 (Mo. App. E.D.2004). A court lacks jurisdiction to review the merits of any claims asserted in an untimely filed amended *pro se* motion. *State v. White*, 873 S.W.2d 590, 596 (Mo. banc 1994). Arguments raised for the first time in an untimely second amended motion are waived and cannot be considered on appeal. *Edgington v. State*, 869 S.W.2d 266, 269 (Mo. App. W.D.1994).

The guilty plea transcript was filed on March 23, 2004. On July 16, 2004, the court entered an order appointing the public defender to represent Movant and granted an additional thirty days within which to file the amended motion. According to the rule, the time period for filing began to run on July 16, 2004, the date wherein both the transcript was filed and counsel was appointed; the ninety days ended on October 14, 2004. The first amended motion, filed on September 17, 2004, was timely but the second amended motion, filed on November 16, 2004, was not. We shall then only review any findings of fact and conclusions of law that were addressed in the first amended motion.

The first amended motion claimed:

II c. The factual basis as set forth in the guilty plea transcript is insufficient in that:
(b) Facts set forth by the prosecutor were not contained in the information and [Movant] was not reasonably apprised of the facts as testified to by the Prosecutor ahead of the plea hearing;
(c) [Movant] only stated that the facts alleged by the Prosecutor were "Basically true".
(d) In connection with the sentencing aspect of the trial, Movant's attorney did not sufficiently put forth [Movant's] mental and drug history, and did not suppress the allegations of things that occurred between [Movant] and his sister.
(e) The attorney did not bring to the Court's attention that the [Movant] suffers from blackouts and at times does not know what he has done during those periods of blacking out.
(f) [Movant's] attorney told [Movant] that if he plead guilty he would get no more than fifteen (15) years, and likely he would get only seven (7) to ten (10) years. When the [Movant] plead guilty he was under the impression that a maximum of fifteen (15) year sentence would be imposed, despite the fact that the judge told him, as he tells all Defendants that sentencing is totally up to him. In fact however the Prosecuting Attorney never mentioned a fifteen (15) year cap to the Judge as [Movant's] attorney had indicated he would.

(g) That counsel for [Movant] was ineffective in that he failed to properly advise [Movant] that he could only be charged or convicted of either Count I or Count II, as they were charged in the alternative. [Movant], when pleading guilty was under the impression that he could have been convicted of both Counts and had two (2) life sentences, rather than just one count.
(h) The counsel was ineffective for failing to attack the insufficiency of the information or to file a motion for particulars.
(i) The counsel was ineffective and [Movant's] plea was not knowingly and intelligently made because he was not told of the 85% rule.

A careful reading of the first amended motion clearly shows Movant did not allege that the facts alleged by the prosecutor do not amount to a crime under section 566.060. Movant first alleged that the facts set forth by the prosecutor were not contained in the information and Movant was not reasonably apprised of the facts as testified to by the prosecutor ahead of the plea hearing. That allegation does not set forth any indication that the facts did not amount to a crime. The second allegation was that Movant only stated that the facts alleged by the prosecutor were "basically true." Again, there is no allegation that the facts as stated do not constitute the crime of attempted forcible sodomy. The remaining allegations are unconnected to the allegation of an insufficient factual basis.

Furthermore, at the evidentiary hearing, the court asked Movant,

So basically your complaint with the system and with your sentencing is you got more time than you thought you were going to get? You don't have a complaint with the facts that occurred that gave rise to the charge that [the] Prosecutor indicated, do you? You're just unhappy you got more time than you thought you were going to get?

Appellant responded: "Basically. I was under the impression and told by my lawyer or promised by my lawyer I wouldn't get no [sic] more than 15." We, therefore, do not address the first prong of Movant's point relied on.

The second prong of Movant's point is that there was an insufficient factual basis in that Movant was never told about the nature and element of the crimes charged. Although it is questionable whether Movant properly preserved that allegation in the amended motion, it is clear that Movant failed to carry his burden on this theory. We review the motion court's ruling on a motion for post-conviction relief to determine whether the court's findings of fact and conclusions of law are clearly erroneous. ***Bantle v. State***, 165 S.W.3d 233, 235 (Mo. App. S.D. 2005). The findings of the motion court are presumptively valid; the clearly erroneous standard is satisfied only, if after a review of the entire record, we are left with the definite and firm impression that a mistake has been made. ***Id.*** We are not convinced of any error.

Movant testified at the evidentiary hearing that counsel "went over the charges" with him. He also testified that during plea negotiations, his counsel informed him that the prosecutor's offer to plead to attempted sodomy was based on testimony from the victim that he told her to finger herself. Plea counsel also testified at the evidentiary hearing that he advised Movant of the nature of the charges that were filed against Movant and that he told Movant that the prosecutor wished him to plead guilty to the attempted sodomy charge because that was the charge with the factual basis. He stated Movant was told prior to the guilty plea that to prove guilt, the State had to prove that Movant told the victim to finger herself because "[t]hat was the nature of the element of the crime charged." There is no merit to Movant's second claim that his plea was not knowingly and intelligently made.

Movant's final argument is that Movant's admission of the facts was not "unequivocal"; he arrives at this conclusion because he responded "yes" to a question by the court whether the facts the prosecutor recited were "basically true." Movant claims the facts as given by the prosecutor did not include a discussion of "penetration," what "finger herself" meant, or the meaning of "arousal or sexual gratification." Movant claims that "basically" limits Movant's agreement with the prosecutor's statements to "mostly true." We disagree.

Movant did not indicate to the court that he disagreed with any of the facts presented by the prosecutor. His response was simply "yes" to the question of whether the facts were basically true. Significantly, he did not deny or try to explain any inaccurate rendition of the facts by the prosecutor. We do not read the question by the court to mean that some of the facts were not true; we believe a more realistic interpretation of the question is to substitute "essentially" for "basically." The court asked whether the facts as set forth by the prosecutor were essentially true. Combined with Movant's statement at the evidentiary hearing that he "basically" did not have a complaint with the facts that occurred that gave rise to the charge that the prosecutor indicated, we find no error in the trial court's findings of fact and conclusions of law that Movant failed to satisfy his burden of showing that his plea was unknowing and involuntary. The point is denied. The judgment is affirmed.

Oliver v. State, 196 S.W.3d 643 (Mo. App. 2006) (footnotes omitted).

With respect to federal court review of state court conclusions, 28 U.S.C. §2254 states in pertinent part as follows:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254 (d).

Upon consideration, this Court finds the decision of the Missouri state court was not contrary to clearly established Federal law. Furthermore, this Court's careful review of the record reveals the state court reached factual determinations that were not unreasonable in light of the evidence presented. Ground 1 of Petitioner's §2254 petition must therefore be denied.[5]

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. No. 1) is **DENIED**, and his claims are **DISMISSED** with prejudice. A separate Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998).

Dated this 21st day of July, 2008.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

[5] In light of the Court's dismissal of Petitioner's claims on other grounds, it need not consider Respondent's assertion the instant petition was untimely filed.